IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1]<br><br>Debtor.<br><br>―――<br><br>ARK35 DOE, ARK108 DOE, ARK114 DOE, ARK302 DOE, ARK303 DOE, ARK414 DOE, ARK625 DOE, ARK631 DOE, ARK653 DOE, and ARK675 DOE,<br><br>Appellants,<br><br>v.<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Appellee. | Chapter 11<br><br>Case No. 20-12345 (MG)<br><br>C.A. No. 1:23-cv-3777-AKH |

*[Handwritten annotation:] Motion to seal is granted, provided: 1. full copies are provided to the court to be maintained in chambers file. 2. The parties review each sealed document, redacted copies, public record: redacted copies of the documents filed under seal. 11-8-23 [signature]*

### DEBTOR-APPELLEE'S MOTION ON CONSENT TO SEAL
### CONFIDENTIAL PROOFS OF CLAIM

This is an appeal from a Bankruptcy Court Order that disallowed ten proofs of claim on the ground that they do not properly allege a basis for asserting a claim against the Debtor / Appellee, The Diocese of Rockville Centre, New York (the "Diocese" or the "Debtor"). The proofs of claim at issue on this appeal have been designated as part of the record for this appeal. Because they are confidential and have been filed under seal in the Bankruptcy Court, the Debtor hereby respectfully makes this motion to submit the following proofs of claim under seal in this

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

Court: 90469, 90470, 90471, 90474, 90475, 90476, 90477, 90478, 90518, and 90528. The appellants, through their counsel, agree to the Debtor's request to submit these proofs of claim under seal in this Court.

## BACKGROUND

1. On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). *See In re Roman Catholic Diocese of Rockville Centre*, No. 20-12345 (Bankr. S.D.N.Y.) (the "Bankruptcy Case").

2. On January 27, 2021, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, Bankruptcy Case, Doc. No. 333 (the "Bar Date Order"). The Bar Date Order authorizes "persons and entities … that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor" that arose on or prior to the Petition Date to "file a proof of such claim in writing or electronically" in accordance with certain procedures. *Id.* ¶ 1.

3. The Bar Date Order provides a procedure for claimants to assert a claim against the Debtor on the basis of injuries arising from alleged sexual abuse for which the claimant asserts the Diocese is legally responsible, through a "Sexual Abuse Proof of Claim Form." The Bar Date Order further provides that "[d]ue to the sensitive nature of the information requested in the Sexual Abuse Proof of Claim Form," certain provisions governing disclosure ("Confidentiality Protocol") apply to the proofs of claim. The Confidentiality Protocol specifies that the proofs of claim will be "treated as confidential and will be made available only to Authorized Parties (as defined below) unless a Sexual Abuse Claimant affirmatively elects to

have their Sexual Abuse Claim disclosed publicly." *Id.* ¶ 15(b).[2]

4. On August 11-13, 2021, Appellants filed Confidential Sexual Abuse Proofs of Claim against the Debtor in the Bankruptcy Case, which are submitted on a confidential basis to the Court along with this motion. Appellants indicated on their proofs of claim that they wished to keep their identities confidential. The proofs of claim at issue are numbers 90469, 90470, 90471, 90474, 90475, 90476, 90477, 90478, 90518, and 90528.

5. On January 10, 2023, the Bankruptcy Court entered the *Order Approving Claim Objection Procedures and Granting Related Relief* (the "Claim Objection Procedures Order"). *See* Bankruptcy Case, Doc. No. 1554. The Claim Objection Procedures Order, as amended, allows the Debtor and other parties to assert omnibus claim objections on the grounds set forth in Bankruptcy Rule 3007(d), which include that the Debtor is not liable to the claimant for the amount or claim stated. *See id.*

6. On February 10, 2023, the Debtor filed its *Fifth Omnibus Claim Objection* ("Objection"), asserting that the claims at issue on this appeal should be disallowed because they allege abuse that occurred at, and by individuals associated with, entities that were not supervised, controlled, managed, or directed by the Debtor. *See* Bankruptcy Case, Doc. No. 1655.

7. On March 14, 2023, in accordance with the Claim Objection Procedures Order,

---

[2] The Order defines "Authorized Parties" as: (i) member trustees and certain employees of the Debtor; (ii) counsel to the Debtor or the Unsecured Creditors' Committee (the "Committee"); (iii) members of the Committee and their counsel; (iv) any insurance company of the Debtor; (v) any person appointed by an order of the Court to serve as a mediator or representative for unknown or future claimants, or as a special arbitrator/claims reviewer; (vi) authorized representatives of a department of corrections, if any claimant is incarcerated; (viii) any person who is alleged to have witnessed, committed, or otherwise had knowledge of any act of abuse against the claimant; (ix) any person who is alleged to be responsible, financially or otherwise, for the consequences of any act of sexual abuse; (x) any person with express written consent of the Debtor and the Committee, upon 10 business days' notice to claimant(s) and their counsel of record; and (xi) such other persons as the Court may authorize, upon 10 business days' notice to claimant(s) and their counsel of record.

3

the Bankruptcy Court held a hearing on the Objection. *See* Bankruptcy Case, Doc. No. 1988. Following the hearing, on April 19, 2023, the Bankruptcy Court sustained the Objection and disallowed the claims at issue on this appeal. *See* Bankruptcy Case, Doc. No. 2024.

8. On April 28, 2023, claimants filed a *Notice of Appeal and Statement of Election* (Bankruptcy Case, Doc. No. 2059). On July 5, 2023, claimants filed an *Appellants' Designation of Items to be Included in the Record on Appeal and Statement of Issues Pursuant to Fed. Bankr. Proc. R. 8009(a)* (Bankruptcy Case, Doc. No. 2261), but did not include their proofs of claim in the designation. On July 19, 2023, the Debtor filed its *Debtor's Designation of Additional Items to be Included in the Record on Appeal* (Bankruptcy Case, Doc. No. 2337), and this designation of items for the record on appeal in this case included the appellants' proofs of claim.

9. On September 7, 2023, Appellants filed their brief on appeal (Doc. No. 7), but did not attach any documents or include an appendix as required by Federal Rule of Bankruptcy Procedure 8018(b)(1) (providing that appellant "must" file an appendix on appeal). On October 10, 2023, the Debtor filed its brief on appeal (Doc. No. 9), including an appendix so that this Court would have before it, among other documents pertinent to this appeal, the Bankruptcy Court's memorandum opinion and Order disallowing the proofs of claim at issue. On October 24, 2023, Appellants filed their reply brief (Doc. No. 10), and once again did not present to the Court copies of their proofs of claim. Nor have appellants made a motion to submit their proofs of claim under seal in this Court, pursuant to Federal Rule of Bankruptcy Procedure 8018(b).

10. The Debtor, accordingly, respectfully makes this motion to submit appellants' proofs of claim under seal in this Court, in accordance with the Bar Date Order and Federal Rule of Bankruptcy Procedure 8018(b). Appellants, through their counsel, have agreed to the Debtor's request to submit the pertinent proofs of claim under seal in this Court.

## BASIS FOR RELIEF REQUESTED

11. The Bankruptcy Court's Order on appeal disallowed appellants' proofs of claim on the ground that they fail to properly allege a basis for imposing liability against the Debtor. By this motion, the Debtor seeks permission to submit these confidential proofs of claim to this Court under seal, so that the Court may consider their contents on this appeal. The Bankruptcy Court's Bar Date Order provides that the proofs of claim contain highly sensitive and personal information, which these appellants have requested to remain confidential on the proofs of claim themselves. The Debtor, accordingly, respectfully requests that the Court allow for the appellants' proofs of claim to be filed under seal in this Court.

12. The Second Circuit has established a three-step analysis to determine whether documents relating to a lawsuit must be made available to the public: (1) whether the documents are "judicial documents," to which the public has a presumptive right of access; (2) if the documents are judicial documents, then the court must determine the weight of the presumption; and (3) once the weight of the presumption is determined, a court must balance competing considerations against it. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Even if the foregoing factors weigh in favor of public access, "[a] party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017).

13. Documents are "judicial documents" if they are "relevant to the performance of the judicial function." *Lugosch*, 435 F.3d at 119. The weight of the presumption increases to the extent the documents "directly affect [the court]'s adjudication." *Id.* (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

14. Here, while the Order on appeal discusses the pertinent allegations in the proofs of claim and the attachments to them, the proofs of claim nevertheless bear on the Court's analysis of this appeal and should be deemed "judicial documents." Appellants' have, however, asserted that they have privacy interests that outweigh any interest in public disclosure of the proofs of claim themselves. Specifically, the proofs of claim contain Appellants' identifying information, including their name, address, date of birth, and contact information, as well as sensitive information regarding the nature of the alleged abuse and the alleged psychological and physical impact of the alleged abuse. In addition, details regarding the circumstances of the alleged abuse, the claimant's educational, employment, and marital history, and the names of any healthcare providers from which treatment was sought would tend to identify the claimant. Appellants have requested, pursuant to the Bankruptcy Court's Bar Date Order, that their proofs of claim remain confidential.

15. The New York State legislature has recognized the harm inherent in the disclosure of this type of information by establishing statutory protections against disclosure of the identity of sexual assault victims. *See* New York Civil Rights Law § 50-b (the identity of any victim of a sex offense shall be kept confidential, and no "court file ... which identifies such a victim shall be made available for public inspection"). Therefore, "it is common for courts in this District to grant requests for sealing orders to protect a sexual assault victim's identity." *Najera v. Lilley*, No. 21-cv-7190, 2022 WL 515660, at *2 (S.D.N.Y. 2022). *See also Kavanagh v. Zwilling*, 997 F. Supp. 2d 241, 256 (S.D.N.Y. 2014) (sealing church court decisions where "the decisions contain[ed] sensitive and personal information about the sexual abuse of a minor").

16. As noted, the proofs of claim are also subject to the Confidentiality Protocol in the Bar Date Order, which was entered by the Bankruptcy Court to safeguard information that

claimants regard as highly sensitive information. Appellants' counsel consents to the instant motion to file the proofs of claim under seal, and appellants thereby are continuing to assert that the information in the proofs of claim is highly sensitive and should remain confidential. The proofs of claim should, accordingly, be maintained as confidential pursuant to the Bankruptcy Court's protocol. *See Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-cv-6608, 2014 WL 4346174, at *2 (S.D.N.Y. 2014) (where documents were designated as confidential pursuant to a confidentiality order, a designation which had not been challenged, "the interests of Samsung and Adorama in keeping the content of those documents confidential outweigh the public interest in access to judicial documents").

## CONCLUSION

17. Accordingly, pursuant to the terms of the Bar Date Order, the Debtor respectfully requests that the Court permit the Debtor to file under seal each of the proofs of claim filed contemporaneously herewith. They are proofs of claim numbers 90469, 90470, 90471, 90474, 90475, 90476, 90477, 90478, 90518, and 90528. The appellants, through their counsel, agree to the Debtor's request to submit these proofs of claim under seal in this Court.

Dated: November 6, 2023  
New York, New York

Respectfully submitted,

/ s / Todd R. Geremia  
Corinne Ball  
Todd Geremia  
Victoria Dorfman  
Benjamin Rosenblum  
Andrew Butler  
Melanie K. Chan  
JONES DAY  
250 Vesey Street  
New York, NY 10281-1047  
Telephone: (212) 326-3939  
Email: trgeremia@jonesday.com

*Counsel for the Debtor-Appellee,  
The Roman Catholic Diocese of  
Rockville Centre*

7

Judge wrote:

"Motion to seal is granted, provided:

1. Full copies are provided to the court, to be maintained in chambers' files.

2. The parties review each sealed document and file on the public record redated copies of the documents filed under seal.

11-8-2023
Alvin K. Hellerstein"