UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
                                  :

| | |
|---|---|
| In re: | **ORDER AFFIRMING** |
| | **BANKRUPTCY COURT** |
| THE ROMAN CATHOLIC DIOCESE OF | |
| ROCKVILLE CENTRE, NEW YORK, | Chapter 11 Case No. 20-12345 (MG) |
| | C.A. No. 23 Civ. 3777 (AKH) |
| Debtor. | |

In re:                                                                              :

THE ROMAN CATHOLIC DIOCESE OF                     :          **ORDER AFFIRMING**
ROCKVILLE CENTRE, NEW YORK,                          :          **BANKRUPTCY COURT**
                                     :
                    Debtor.          :          Chapter 11 Case No. 20-12345 (MG)
------------------------------------------------------------:          C.A. No. 23 Civ. 3777 (AKH)
ARK35 DOE, ARK108 DOE, ARK114 DOE,                   :
ARK302 DOE, ARK303 DOE, ARK414 DOE,                   :
ARK625 DOE, ARK631 DOE, ARK653 DOE, and    :
ARK675 DOE,                                                                    :
                                     :

                  Appellants,       :

        -against-               :

THE ROMAN CATHOLIC DIOCESE OF                     :
ROCKVILLE CENTRE, NEW YORK,                          :

                  Appellee.        :

------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Appellants ("Claimants") are ten individuals who allege that clergy and staff of

the Franciscan Brothers of Brooklyn ("Brothers") sexually abused them at school or church

when they were children.  They appeal from Chief U.S. Bankruptcy Judge Martin Glenn's order

dismissing their claims in the Roman Catholic Diocese of Rockville Centre, New York's

("Debtor") Chapter 11 bankruptcy case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Their appeals are denied, and the Bankruptcy Court's order is affirmed.

## BACKGROUND[1]

The Debtor filed a voluntary petition for Chapter 11 relief on October 1, 2020 in the face of hundreds of sexual abuse claims filed against it following the enlargement of the statute of limitations provided by the New York Child Victims Act in 2019.  *See* N.Y. C.P.L.R. § 214-6.  The Bankruptcy Court set an August 14, 2021 deadline for individuals to file proofs of sexual abuse claims against the Debtor.

Appellants timely filed claims.  The claims alleged sexual abuses by clergy and staff affiliated with Roman Catholic schools and churches in Brooklyn, and named the Brothers as associated with each abusers.  The claims incorporated and attached the claimants' complaints filed in their civil lawsuits in the New York Supreme Court. These complaints named the Diocese of Brooklyn and the Brothers as defendants, not the Debtor, the Diocese of Rockille Center.

The Debtor objected and moved to dismiss the claims.  The Debtor, by an affidavit of its Chief Operating Officer and General Counsel, Thomas G. Renker, attaching property records and incorporation certifications, showed that the Brooklyn entities where the allegedly abuses occurred were separately incorporated, distinct from the Debtor, and within the geographic scope of the Brooklyn Diocese.  The Debtor commented also that it had not been named as a defendant in claimants' Supreme Court complaints.

Claimants responded that the Brothers have operated within the Debtor's geographic territory since 1858, and that as a religious congregation of "diocesan right," pursuant to Catholic Canon Law, the Brothers are subject to control by each of the bishops in the

---

[1] Appellants failed to include an appendix with their appellate brief, as required by Fed. R. Bankr. P. 8018(b)(1).  I take judicial notice of the filings in the underlying bankruptcy case and proceed on the original record pursuant to Fed. R. Bankr. P. 8018(e).  *In re Tsinias*, 23cv3681 (KMK), 2024 WL 70720, at *1 n.2 (S.D.N.Y. Feb. 21, 2024).

geographic areas in which they operate.  They argued that they did not include Debtor as a party in its state court complaints because of the pending Chapter 11 bankruptcy proceeding.

The Bankruptcy Court held a sufficiency hearing on March 14, 2023, at which claimants conceded the abuse occurred in Brooklyn by individuals who did not work in the Diocese of Rockville Centre, and that the claimants were abused at schools or churches operated by the Brothers within the Diocese of Brooklyn's geographical boundaries.

On April 19, 2023, the Bankruptcy Court dismissed the claims for failure to plausibly allege that Debtor had a duty to control the Brothers' actions under New York Law. The Bankruptcy Court noted that the state court complaints did not name Debtor and only pled allegations within the geographic territory of Brooklyn.  It considered the factual dispute over control based on Catholic Canon Law to be barred by the First Amendment, citing *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 431 (2d Cir. 1999).  Claimants timely appealed.

## STANDARD OF REVIEW

A bankruptcy court's factual findings are reviewed for clear error and conclusions of law are reviewed *de novo.  In re DiBattista*, 33 F.4th 698, 702 (2d Cir. 2022).  Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed *de novo*, "construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

## DISCUSSION

Claimants argue that the Bankruptcy Court 1) improperly applied a federal pleading standard in evaluating their claims, 2) improperly considered proofs outside the complaints, and 3) erroneously ignored issues of fact arising out of Catholic Canon law related to Debtor's duty to control the Brothers.  They also argue for the first time that Debtor's IRS filings

create an issue of fact over Debtor's duty to control.  The claimant's arguments are without merit.

The Bankruptcy Court properly applied federal pleading standards to determine whether claimants' claims were sufficient.  *See In re Residential Cap. LLC*, 531 B.R. 1, 12 (S.D.N.Y. 2015) ("Federal pleading standards apply when assessing the validity of a proof of claim" in a bankruptcy proceeding).  This standard extends to the state court complaints attached to the claims, which are "incorporated into [the claim] by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law."  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).  Under New York law, a defendant cannot be held liable for tortious conduct absent "the authority to supervise or control" the individual.  *See, e.g., Bautista v. Archdiocese of New York*, 84 N.Y.S.2d 47, 49 (1st Dep't 2018).  The Bankruptcy Court properly held that the Diocese of Brooklyn and Rockville Centre are separate entities and that neither is responsible for the other. In making this determination, the Bankruptcy Court properly took judicial notice of, and considered, certificates of incorporation and property records.  *See, e.g., Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628, 633 (S.D.N.Y. 2022).

Claimants fail to plausibly allege a basis for veil piercing of these separately incorporated dioceses, or justiciable grounds creating an issue of fact as to actual control.  *See* N.Y. Relig. Corp. L. § 5; *Presbyterian Church v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969) (violation of First Amendment for civil courts to resolve "controversies over religious doctrine and practice").  Claimants waived its argument regarding

4

Debtor's IRS filings by failing to raise it before the Bankruptcy Court.  *See In re Latam Airlines Grp., S.A.*, 643 B.R. 741, 752 (S.D.N.Y. 2022).

## CONCLUSION

For the reasons above, claimants' appeals are denied.  The April 19, 2023 order of the United States Bankruptcy Court for the Southern District of New York, dismissing Claims Nos. 90469, 90470, 90471, 90474, 90475, 90476, 90477, 90478, 90518, and 90528 with prejudice, is affirmed.  The Clerk shall terminate all open motions and mark the case closed.

SO ORDERED.

Dated:        May 17, 2024
              New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge